IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NO. 03-20226

FRED FREUDENSPRUNG,
Plaintiff/Appellant,

VS.

OFFSHORE TECHNICAL SERVICES, INC. and
WILLBROS WEST AFRICA, INC.
Defendants/Appellees.

On Appeal from the United States District Court for the Southern District
of Texas, Honorable Vanessa D. Gilmore

BRIEF OF APPELLEE
WILLBROS WEST AFRICA, INC.

HAYS, McCONN, RICE & PICKERING, P.C.
Michael D. Murphy
Susan C. Stevenson
1200 Smith, Suite 400
Houston, Texas 77002
(713) 654-1111 (Telephone)
(713) 650-0027 (Facsimile)

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NO. 03-20226

FRED FREUDENSPRING,
Plaintiff/Appellant,

VS.

OFFSHORE TECHNICAL SERVICES, INC.,  and
WILLBROS WEST AFRICA, INC.
Defendants/Appellees.

On Appeal from the United States District Court for the Southern District of
Texas, Honorable Vanessa D. Gilmore

BRIEF OF APPELLEE
WILLBROS WEST AFRICA, INC.

HAYS, McCONN, RICE & PICKERING, P.C.
Michael D. Murphy
Susan C. Stevenson
1200 Smith, Suite 400
Houston, Texas 77002
(713) 654-1111 (Telephone)
(713) 650-0027 (Facsimile)

NO. 03-20226

FRED FREUDENSPRUNG,
Plaintiff/Appellant,

VS.

OFFSHORE TECHNICAL SERVICES, INC. and
WILLBROS WEST AFRICA, INC.,
Defendants/Appellees.

## CERTIFICATE OF INTERESTED PERSONS

    The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Appellant: | Fred Freudensprung |
| Attorneys for Appellant: | Cliff Gordon |
| | Huseman & Pletcher |
| | 600 Leopard, Suite 21oo |
| | Corpus Christi, Texas 78473 |
| | |
| | Robert Blake Brunkenhoefer |
| | Brunkenhoefer & Hall PC |
| | 555 Carancahua |
| | 1770 Tower II |
| | Corpus Christi, Texas 78478 |
| | |
| Appellee | Offshore Technical Services, Inc. |

| | |
|---|---|
| Attorneys for Appellee, Offshore Technical Services, Inc. | Michael A. Varner<br>Kenneth G. Engerrand<br>Brown Sims PC<br>1177 West Loop South, 10th Floor<br>Houston, Texas 77027 |
| Appellee | Willbros West Africa, Inc., a Panamanian corporation and wholly owned subsidiary of Willbros International, Inc., which is also a Panamanian corporation |
| Attorneys for Appellee, Willbros West Africa, Inc. | Michael D. Murphy<br>Susan C. Stevenson<br>Hays McConn Rice & Pickering, PC<br>1200 Smith Street, Suite 400<br>Houston, Texas 77002 |

## STATEMENT REGARDING ORAL ARGUMENT

Appellant's request for oral argument fails to state any reason why oral argument of the jurisdictional issue involving Appellee Willbros West Africa, Inc. ("Willbros") would be helpful.  Willbros does not believe that oral argument is needed because the jurisdictional issue raised by Appellant was resolved by the District Court in a detailed order.  The issue is also clearly presented and argued in the parties' Briefs.

_____

Michael D. Murphy

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW . . . . . . . . . . . . . 3

      1.    Whether this Court is without jurisdiction over this appeal because Appellant failed to timely file his notice of appeal. (Appellant's Issue Three)

      2.    Whether the District Court correctly dismissed Willbros for lack of personal jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      B.    Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) . . . . . . . . . . . . . . . . . . 37

# TABLE OF AUTHORITIES

<u>Cases</u>

*Alpine View Co. v. Atlas Copco A. B*., 205 F.3d 208
(5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702
(5th Cir. 2002), **cert. denied**, 123 S. Ct.
871 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-14

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102,
107 S. Ct. 1026 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Aviles v. Kunkle*, 978 F.2d 201 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Barnes v. Farmland National Beef Packing Co., L.P.*,
169 F. Supp.2d 1235 (D. Kan. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Bennett v. United States Lines, Inc.*, 64 F.3d 62
(2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462,
105 S. Ct. 2174 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 21

*Calvert v. Huckins*, 875 F. Supp. 674 (E. D. Cal. 1995) . . . . . . . . . . . . . . . . . . . . 25

*Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*,
148 F.3d 85 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Central Freight Lines, Inc. v. APA Transport Corp.*,
322 F.3d 376 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17, 18

*Central States, Southeast and Southwest Areas Pension Fund
v. Reimer Express World Corp.*, 230 F.3d 934(7th Cir.
2000), **cert. denied**, 121 S. Ct. 1406 (2001) . . . . . . . . . . . . . . 25-27, 31, 32

*Clifford v. Gibbs*, 298 F.3d 328 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Covey  v. Arkansas River Co.*, 865 F.2d 660
    (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Daval Steel Products v. M.V. Juraj Dalmatinac*, 718 F. Supp.
    159 (S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Dunn v. A/S Em. Z. Svitzer*, 885 F. Supp. 980
    (S. D. Tex. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308
    (S.D. Ind. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320
    (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Green Tree Fin. Corp. - Ala. v. Randolph*, 531 U.S. 79,
    121 S. Ct. 513 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Gutierrez v. Raymond International, Inc.*, 484 F. Supp.
    241 (S. D. Tex. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23, 30, 31

*Hargrave v. Fibreboard Corp.,* 710 F.2d 1154
    (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 414 n.8, 104 S. Ct. 1868
    (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773
    (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21, 22, 24

*Int'l Shoe Co. v. Washington*, 326 U. S. 310,
    66 S. Ct. 154 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Jazini v. Nissan Motor Co.*, 148 F.3d 181
(2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Keeton v. Hustler Magazine, Inc.*, 465 U. S. 770, 781 n.
13, 104 S. Ct. 1473 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87
(2nd Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*McFee v. Chevron International Oil Co., Inc.,* 753 S.W.2d
469 (Tex. App. Houston [1st Dist.] 1988, no writ) . . . . . . . . . . . . . . . . . . . 27

*Mink v. AAA Development LLC*, 190 F.3d 333
(5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d
415 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d
863 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . 22

*U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760
(Tex. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Valentin v. Ocean Ships, Inc.*, 38 F. Supp.2d 511
(S.D. Tex. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

*Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208
(5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260 (5th Cir.
1991) (citations omitted) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Statutes and Rules:

_____1.    Federal:

9 U.S.C. § 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . .12

9 U.S.C. § 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 13

28 U.S.C. § 1333 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1916 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

46 App. U.S.C. § 688 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 6

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .33

FRAP 4(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 14

FRCP 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

FRCP 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 29, 31

FRCP 58(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 14

FRCP 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

    2.    State:

Tex. Bus. Corp. Act Art. 8.01(B)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Tex. Civ. Prac. & Rem. Code § 17.042 . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

NO. 03-20226

FRED FREUDENSPRUNG,
Plaintiff/Appellant,

VS.

OFFSHORE TECHNICAL SERVICES, INC., and
WILLBROS WEST AFRICA, INC.
Defendants/Appellees.

On Appeal from the United States District Court for the
Southern District of Texas
Honorable Vanessa D. Gilmore

**BRIEF OF APPELLEE
WILLBROS WEST AFRICA, INC.**

TO THE HONORABLE COURT OF APPEALS:

## **JURISDICTIONAL STATEMENT**

Appellee, Willbros West Africa, Inc. ("Willbros") denies that subject matter

jurisdiction exists under 28 U.S.C. § 1333(1), 28 U.S.C. § 1916 or 46 App. U.S.C. §

688.   This Court does not have appellate jurisdiction because Appellant failed to file

a timely notice of appeal.

On February 20, 2002, the district court (Judge Samuel Kent) entered an order

granting Willbros' Motion to Dismiss for lack of jurisdiction.   R. 41.   On May 21,

2002, Judge Kent *sua sponte* transferred the case to the Houston Division of the Southern District of Texas, where it was assigned to Judge Gilmore. R. 394-95. On August 15, 2002, Judge Gilmore signed an order granting Offshore Technical Services, Inc.'s ("OTSI") Motion to Stay pending arbitration. The order stated ". . .that the above-captioned case shall be administratively CLOSED. The parties are granted leave to move to reinstate the case on the Court's active docket within ten (10) days from the date of a ruling by a Court of Appeals." R. 465. On August 23, 2002, Appellant filed a Motion for Reconsideration of the August 15 order. R. 476. Judge Gilmore signed an order denying Appellant's Motion for Reconsideration on October 11, 2002. The order was entered by the clerk on October 15, 2002. R. 496. On November 15, 2002, Appellant filed a Motion for Entry of Judgment or, Alternatively, Motion for Clarification of the Court's August 15 and October 11, 2002 orders. R. 505. On January 10, 2003, Judge Gilmore signed an order denying Appellant's Motion for Entry of Judgment and his alternative Motion for Clarification. R. 525. The Order was entered by the clerk on January 13, 2003. Appellant's Notice of Appeal was filed on February 12, 2003. R. 527.

Appellant's Notice of Appeal was not timely filed because it was not filed within 30 days from the district court's order dated August 15, 2002 staying Appellant's claims pending arbitration and administratively closing the case, or

within 30 days from the district court's order dated October 11, 2002 denying Appellant's Motion for Reconsideration. **See** Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. App. P. 4(a)(7)(A)(i); Fed. R. Civ. P. 58(a)(1)(D).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Appellant presents three issues for review. **See** Brief of Appellant at 3. Willbros will address Appellant's Issues Nos. 2 and 3.

1.    Whether this Court is without jurisdiction over this appeal because Appellant failed to timely file his notice of appeal. (Appellant's Issue Three)

2.    Whether the District Court correctly dismissed Willbros for lack of personal jurisdiction. (Appellant's Issue Two)

## STATEMENT OF THE CASE

### A.    Nature of the Case:

Appellant brought this suit on October 4, 2001 in the United States District Court for the Southern District of Texas, Galveston Division, to recover damages for personal injuries which he allegedly sustained while working aboard a derrick barge off the coast of Lagos, Nigeria.  R.  12.  Appellant sought to invoke the court's admiralty jurisdiction and also claimed that he was entitled to proceed as a seaman under the Jones Act.  R.  9-10.  Appellant named as defendants Willbros, OTSI, and other entities which are not parties to this appeal.[1]  Willbros denied the existence of admiralty jurisdiction and Appellant's status as a Jones Act seaman.  R. 45.

### B.    Course of Proceedings and Disposition Below:

On December 21, 2001, Willbros filed a Motion to Dismiss for lack of pesonal jurisdiction and insufficiency of service of process.  R. 41.  On February 20, 2002, District Judge Samuel Kent entered an order granting Willbros' Motion to Dismiss for lack of personal jurisdiction.  R. 345.  The dismissal was without prejudice and applied only to Appellant's claims against Willbros.  R.  335.

---

[1]The other defendants named by Appellant in his Original Complaint are Willbros USA, Inc., Willbros Engineers, Inc., and Willbros International, Inc.  In his First Amended Complaint, Appellant joined Willbros Group, Inc. as a defendant. R. 81.

On May 1, 2002, OTSI filed a Motion to Stay pending arbitration.  On May 21, 2002, Judge Kent, acting *sua sponte*, transferred the case to the Southern District of Texas, Houston Division, where it was assigned to Judge Vanessa D. Gilmore.  Judge Kent deferred ruling on any unresolved motions to the transferee judge.  R. 394.  On August 15, 2002, Judge Gilmore granted OTSI's Motion to Stay pending arbitration and ordered the case to be administratively closed.   R.  465.   Appellant filed a Motion for Reconsideration, which the court denied on October 11, 2002.  R.  476, 496.  On November 15, 2002, Appellant filed a Motion for Entry of Judgment or, Alternatively, Motion for Clarification of the Court's August 15 and October 11, 2002 orders.  R.  505.  On January 10, 2003, Judge Gilmore signed an order denying Appellant's  Motion  for  Entry  of  Judgment  and  his  alternative  Motion  for Clarification.   The  order  was  entered  by  the  clerk  on  January  13.    R.   525. Appellant's Notice of Appeal was filed on February 12, 2003.  R.  527.

## STATEMENT OF FACTS

In his Original Complaint, Appellant alleged that on July 28, 2000, he was injured while working as a crew member of a derrick barge owned by Willbros located off the coast of Nigeria.  R. 9-10.  Appellant claimed that he had been hired to work on the vessel by OTSI.  *Id*.  Appellant alleged causes of action for negligence under the Jones Act, 46 U. S. C. § 688, and for unseaworthiness and maintenance and cure under the general maritime law.  R. 4-6.

Willbros filed a Motion to Dismiss for lack of personal jurisdiction and insufficient service of process.  R. 41.  Specifically, Willbros stated that it is a Panamanian company with its principal place of business in Panama; and that it is a wholly owned subsidiary of Willbros International, Inc., which is also a Panamanian company.  *Id*.  Willbros also asserted that it lacked minimum contacts with the Southern District of Texas.

Appellant filed a Response to Willbros' Motion to Dismiss in which he argued that Willbros has sufficient minimum contacts with the State of Texas to support the maintenance of both specific and general jurisdiction.  R. 324.  Appellant attached to his Response a copy of an "Offshore Personnel Supply Agreement" between OTSI and Willbros  (R. 307), whereby OTSI would supply technical and supervision/craft personnel to Willbros to perform Willbros' contracts in Africa relating to marine

operations, fabrication, inspection, hook-up and pipeline work. Under the terms of the agreement, Willbros would pay OTSI certain stipulated daily rates for each worker provided, but all personnel supplied by OTSI would remain employees of OTSI while assigned to Willbros.  In his Response to Willbros' Motion to Dismiss, Appellant noted that the agreement called for arbitration of disputes in Houston, Texas, that it contemplated a long term business arrangement between OTSI and Willbros, and that the agreement required communications between Willbros and OTSI, "the Texas entity".  R. 306, 320-21.  Appellant also argued that Willbros had entered into a contract with a Texas resident because it hired Appellant to serve aboard its vessel. R. 320.  Further, Appellant claimed that Willbros had "mailed payments" to a Texas resident because the agreement between Willbros and OTSI called for Willbros to wire-transfer amounts due for Appellant's services to OTSI's bank in Texas.  R. 319. To  support his argument that the district court has general jurisdiction over Willbros, Appellant stated that Willbros is a wholly-owned subsidiary of Willbros Group, Inc. ("WGI"), "either directly or by and through . . .WGI's complete ownership of . . .WILLBROS INTERNATIONAL,  INC."  R. 317.  Appellant went on to describe WGI's operations in the United States,  pointing out that its administrative office is located in Houston, Texas.  R. 315-17.  On January 11, 2002, Appellant filed his First

Amended Original Complaint, joining WGI as a defendant and alleging that Willbros is a wholly owned subsidiary of WGI.

In its Order granting Willbros' Motion to Dismiss, the District Court rejected Appellant's argument that Willbros entered into an express or implied employment contract with Appellant. R. 341. The court observed that under the terms of the agreement between Willbros and OTSI, OTSI was solely responsible for payment of all salaries, benefits and remuneration to the personnel which it furnished to Willbros; and Willbros was consequently absolved from the normal liabilities of an employer. R. 340. The court went on to state that even assuming that Willbros contracted with both OTSI and Appellant, these contacts, together with the other contacts alleged by Appellant, did not constitute the minimum contacts necessary to comport with constitutional due process. *Id*. The court noted that the arbitration provision in the agreement between OTSI and Willbros contemplated only the arbitration of disputes between Willbros and OTSI in Texas, not the arbitration of disputes between Willbros and Appellant, who was not even a party to the agreement. R. 338-39. The court also rejected the Appellant's argument that personal jurisdiction was shown by the fact that the agreement contemplated a long term business relationship between Willbros and OTSI, noting that the material portions of the agreement were to be performed in Africa. R. 338. With regard to Appellant's arguments that Willbros

was subject general jurisdiction, the court observed that Appellant did not show any contacts with Texas by Willbros itself, but only contacts by WGI, the purported parent corporation of Willbros.  R. 337.   The court cited the established rule that the activities of a parent or subsidiary corporation cannot be imputed to the other in order to establish personal jurisdiction as long as they maintain separate and distinct corporate entities.  R. 336-37.  The court held that Appellant had failed to meet his burden of showing that WGI exercised a sufficient degree of control over Willbros to justify the assertion of personal jurisdiction over Willbros based on the contracts of WGI.  R. 335.  Because it held that Willbros did not have the necessary minimum contacts with Texas to invoke personal jurisdiction, the court did not need to evaluate whether the exercise of personal jurisdiction over Willbros offended traditional notions of fair play and substantial justice.  *Id*.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction because Appellant did not file a timely notice of appeal.  The district court's order dismissing Willbros for lack of personal jurisdiction became final on August 15, 2002, when the court entered an order granting OTSI's Motion to Stay pending arbitration and administratively closed the case; and again on October 15, 2002, when the district court entered an order denying Appellant's Motion for Reconsideration of the August 15 order.  Appellant did not

file a notice of appeal within 30 days from the date of either order. His untimely notice of appeal filed on February 12, 2003 fails to confer appellate jurisdiction on this Court.

The district court correctly granted Willbros' Motion to Dismiss for lack of personal jurisdiction. Willbros is a Panamanian corporation which maintains its principal place of business in Panama. Appellant claims he was injured while working on a vessel owned by Willbros located off the coast of Nigeria. Appellant failed to allege any facts or offer any evidence that Willbros has minimum contacts with the state of Texas to support either specific or general personal jurisdiction. Some of the contacts alleged by Appellant to support personal jurisdiction over Willbros are factually incorrect. None of Willbros' alleged contacts with the state of Texas is sufficient, either singly or when considered together, to support the exercise of personal jurisdiction in this case. Appellant cannot show that Willbros is subject to personal jurisdiction in Texas based upon the Texas contacts of its purported parent corporation. Appellant makes only vague assertions, and offers no proof, that Willbros and its alleged parent are not separate and distinct entities.

Willbros did not make a general appearance or otherwise waive any complaint about personal jurisdiction by stating in the parties' Rule 26 Report that discovery in the case should be postponed pending arbitration between Willbros and OTSI and

pending a ruling on Willbros' Motion to Dismiss for lack of *in personam* jurisdiction. Likewise, Willbros did not consent to a Texas forum by agreeing to arbitrate disputes with OTSI in Texas because Appellant was not a party to that agreement. The agreement applies only to disputes between Willbros and OTSI, not to disputes between Willbros and Appellant. Appellant was not entitled to conduct discovery prior to dismissal because Appellant failed, in both his pleadings and in his Response to Willbros' Motion to Dismiss, to allege or offer any proof that Willbros had any relevant contacts with Texas sufficient to warrant the assertion of either special or general jurisdiction.

If the Court affirms the judgment of the district court, it should not grant Appellant's request to toll the statute of limitations on Appellant's claims against Willbros. Appellant has not shown that the doctrine of equitable tolling applies to this case. After Willbros was dismissed for lack of jurisdiction, Appellant failed to use diligence in prosecuting his action because he failed to act on the possibility, which Willbros raised from the outset, that Willbros is not subject to personal jurisdiction in the state of Texas.

## **ARGUMENT**

## **1.     This Court should dismiss the appeal for want of jurisdiction because Appellant's Notice of Appeal was untimely.**

The district court's order dismissing Willbros for lack of personal jurisdiction became final when the district court entered its order on August 15, 2002, granting OTSI's Motion to Stay Appellant's claims pending arbitration and administratively closing the file. R. 465.

Section 16(a)(3) of the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*("FAA"), provides that "[a]n appeal may be taken from a final decision with respect to an arbitration that is subject to this title." That section preserves immediate appeal of any "final decision" with respect to arbitration, regardless of whether the decision is favorable or hostile to arbitration. *Id*. In *American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707-08 (5th Cir. 2002), **cert. denied**, 123 S. Ct. 871 (2003), this Court held that a district court's order granting the plaintiff's petition to compel arbitration under Section 4 of the FAA, staying the pending state court proceedings and closing the case, was an immediately appealable decision. The defendants argued that the Fifth Circuit lacked jurisdiction because the court simply "closed," but did not dismiss, the case. They cited *Green Tree Fin. Corp. - Ala. v. Randolph*, 531 U.S. 79, 121 S. Ct. 513 (2000), in which the U.S. Supreme Court held that an order dismissing an action is a "final decision" even when the dismissal is in favor of arbitration and the parties could later return to court to enter judgment on an arbitration award. *Id*. at 85-88, 121 S. Ct. at 519-21. In reaching this result, the Supreme Court applied the well-

established meaning of "final decision" as one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id*. at 85; 121 S. Ct. at 519. In *American Heritage*, this Court deemed it to be of no particular importance that the district court ordered the case closed but did not dismiss the action. It rejected the defendants' attempt to distinguish the terms "dismiss" and "close" as they apply to the disposition of a case because it would thwart the Court's instruction in *Green Tree* to apply the well-established meaning of the term "final decision." 294 F.3d at 707. The Court held:

> [W]here a district court with nothing before it but whether to compel arbitration and stay state court proceedings issues an order compelling arbitration, staying the underlying state court proceedings, and closing the case, thereby effectively ending the entire matter on its merits and leaving nothing more for the district court to do but execute the judgment, appellate jurisdiction lies, as the decision is 'final' within the contemplation of § 16(a)(3) of the FAA.

*Id*. at 708.

Following this Court's reasoning in *American Heritage*, the order signed by Judge Gilmore on August 15, 2002 was a final, appealable order. However, Appellant extended the time to appeal by filing a motion for reconsideration on August 23, 2002 (R. 476), which the district court denied by an order signed on October 11, 2002 (entered by the clerk on October 15, 2002) (R. 496). Instead of

filing a notice of appeal from that order, which, for purposes of FRAP 4(a)(4) and FRCP 58(a) was final and appealable, Appellant filed a Motion for Entry of Judgment and alternative Motion for Clarification on November 13, 2002.  R. 505.  Under the *American Heritage* decision, the district court correctly denied this Motion.

Although Appellant filed a notice of appeal from the order denying his Motion for Entry of Judgment within 30 days (R. 527), any appeal from that order would not be well taken.  Under *American Heritage,* the denial of Appellant's Motion for Entry of Judgment was correct because no separate judgment document is required under Fed. R. Civ. P. 58(a)(1)((D) ("a separate [judgment] document is not required for an order disposing of a motion . . .for a new trial or to alter or amend the judgment, under Rule 59".).

 Appellant's attempt to appeal the district court's order dated February 20, 2002 granting Willbros' Motion to Dismiss  is untimely because he filed his notice of appeal more than 30 days from August 15, 2002, when that order became final and appealable, and more than 30 days from October 11, 2002, when the district court denied Appellant's motion for reconsideration.

For the foregoing reasons, this Court should dismiss the appeal for want of jurisdiction.

**2.    The District Court correctly dismissed Willbros for lack of personal jurisdiction**.

**A.    Standard of Review**:

This Court reviews de novo a district court's dismissal for lack of personal jurisdiction. *Alpine View Co. v. Atlas Copco A. B.*, 205 F.3d 208, 214 (5th Cir. 2000). The party that invokes a federal court's jurisdiction bears the burden of establishing minimum contacts that warrant the exercise of personal jurisdiction over a foreign defendant. *Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 324 (5th Cir. 1996).

> Where, as here, the district court did not conduct an evidentiary hearing on defendant's motion to dismiss, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a prima facie case supporting jurisdiction. . . .The court shall accept as true that party's uncontroverted allegations (so long as the allegations are not merely conclusory) and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction.

*Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

**B.    Discussion**:

Willbros sought to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and (5) for lack of personal jurisdiction and insufficient service of process.

R. 41. The district court found that personal jurisdiction over Willbros was clearly

absent. Therefore, in granting Willbros' Motion to Dismiss, it did not address the

insufficient service of process issue. R. 343.

In its Motion to Dismiss, Willbros stated that it is a Panamanian

corporation which maintains its principal place of business in Panama, that it is a

wholly owned subsidiary of Willbros International, Inc., also a Panamanian

corporation, and that it lacks minimum contacts with the Southern District of Texas

R. 41. Appellant has not alleged any facts, in either his Original or his First

Amended Original Complaint, to show that Willbros has minimum contacts with the

State of Texas that would support the exercise of personal jurisdiction over it by the

district court. R. 12, 81.

1.    **General rules governing the exercise of personal jurisdiction**:

A federal court may exercise personal jurisdiction over a nonresident

defendant only if: (1) the defendant is amenable to service of process under the

forum state's long-arm statute and (2) the exercise of personal jurisdiction over the

defendant is consistent with due process. *Stripling v. Jordan Prod. Co., L.L.C.*, 234

F.3d 863, 869 (5th Cir. 2000). Because the Texas long-arm statute, Tex. Civ. Prac. &

Rem. Code § 17.042, has been construed to extend to the limits of due process, the

jurisdictional inquiry focuses solely on whether the district court's exercise of

jurisdiction over Willbros is consistent with the constitutional requirement of due

process. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993);

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986).

> Exercising personal jurisdiction over a nonresident defendant is consistent with constitutional due process when '(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."'

*Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d at 380, quoting *Mink*

*v. AAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co.*

*v. Washington*, 326 U. S. 310, 316, 66 S. Ct. 154 (1945)).  The minimum contacts

requirement can be met either by showing contacts sufficient to assert "specific

jurisdiction" or contacts sufficient to assert "general jurisdiction."  *Central Freight*

*Lines, Inc.*, 322 F.3d at 381; *Alpine View*, 205 F.3d at 215.  When the nonresident

defendant has "purposefully directed its activities at the forum state and the litigation

results from alleged injuries that arise out of or relate to those activities," the contacts

are sufficient to support the exercise of specific jurisdiction over the defendant.  **See**

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174 (1985) (holding

that a defendant establishes minimum contacts by purposely engaging in conduct

directed toward the forum state "such that [the defendant] should reasonably

anticipate being haled into court there"); *Central Freight Lines, Inc.*, supra.  When

a nonresident defendant's contacts with the forum state are substantial and

"continuous and systematic," but unrelated to the present litigation, general

jurisdiction may be asserted.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466

U.S. 408, 414 n.8, 104 S. Ct. 1868 (1984); *Central Freight Lines, Inc.*, supra.

Once a party asserting personal jurisdiction over a nonresident defendant

has established minimum contacts between the defendant and the forum state, the

burden of proof shifts to the defendant to show that the exercise of personal

jurisdiction is unfair and unreasonable.  *Central Freight, Inc.*, 322 F.3d at 384; *Wien*

*Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

> In determining whether the exercise of jurisdiction is fair
> and reasonable, the court must balance: (1) the burden on
> the nonresident defendant of having to defend itself in the
> forum; (2) the interests of the forum state in the case; (3)
> the plaintiff's interest in obtaining convenient and effective
> relief; (4) the interstate judicial system's interest in the
> most efficient resolution of controversies; and (5) the
> shared interests of the states in furthering fundamental
> social policies.

*Central Freight Lines, Inc.*, supra, citing *Burger King*, 471 U.S. at 477; *Asahi Metal*

*Indus. Co. v. Superior Court*, 480 U.S. 102, 115, 107 S. Ct. 1026 (1987).  In the case

at bench, the district court found that Willbros does not have the necessary minimum

contacts with the state of Texas to support the exercise of personal jurisdiction.

Therefore, it did not need to evaluate whether the exercise of personal jurisdiction over Willbros would be fair and reasonable.  R. 335.

2.     **Specific personal jurisdiction over Willbros does not exist**:

Appellant contends that Willbros is subject to a federal court's specific jurisdiction because Willbros: (1) contracted with a Texas corporation, OTSI, to provide it with workers; (2) agreed to be "fully responsible for management and organization of work on the offshore vessels to which OTSI personnel [were] assigned"; (3) required OTSI to maintain Texas worker's compensation coverage and to include Willbros as an additional insured on OTSI's policies; (3) agreed to pay OTSI in Texas; (4) agreed that any dispute between OTSI and Willbros arising out of the contract would be resolved by arbitration in Houston, Texas.  Appellant's Brief at 20, citing the Offshore Personnel Supply Agreement between OTSI and Willbros (R. 306).

Some of the elements listed above, which Appellant relies upon as establishing minimum contacts between Willbros and Texas, are factually incorrect. Regarding the second element, although Willbros agreed to be "fully responsible for the management and organization" of the work on its offshore vessels, the agreement also provides that all personnel supplied by OTSI remain employees of OTSI while they are assigned to Willbros, so that OTSI is exclusively responsible for the payment

of all salaries, benefits, and remuneration to such personnel and Willbros is absolved of the normal liabilities of an employer. R. 307. Regarding the third element, the agreement does not require OTSI to name Willbros as an additional insured on its worker's compensation policies. In fact, the agreement requires OTSI to include Willbros as an additional insured on its comprehensive general and automobile liability insurance policies only. The only reference to the Texas Workers' Compensation Act occurs in Paragraph 9.(c), which states that "[i]n the event of an accident or work related injury, O.T.S.I. agrees to provide any benefits, claim, [sic] service and compensation at least equivalent to those which would apply under the Texas Worker [sic] Compensation Act unless another Worker's Compensation Act applies exclusively." R. 306. The insurance policies, including the workers' compensation policy, which OTSI must provide under the agreement are not required to be Texas standard policies or to comply with Texas law. *Id.* In fact, Paragraph 6 of the agreement states that "[t]he Laws of England shall in all respects govern the construction, validity, and performance of this Agreement and all matter pertaining thereto." *Id.*

Appellant argues that the choice of Texas as the arbitration forum (the fourth element listed above) is not surprising because the "Company" is administered from Houston by Willbros USA. Appellant's Brief at 20. Appellant refers to WGI's

Annual Report (Form 10-K) filed with the U.S. Securities and Exchange Commission for the fiscal year ending December 31, 2000 ( R. 300) and to information from WGI's web site, (R. 231), which refers to Willbros as an "operating subsidiary" of WGI. Statements that the "Company" is administered from Houston refer to WGI, not to Willbros. R. 228, 296. Appellant also points out that press releases concerning Willbros were issued from Houston (by WGI) and that one of the "Company's" officers and directors, Michael F. Curran, resides in Houston.[2] Once again, the "Company" is WGI, not Willbros. R. 274.

The fact that Willbros contracted with a Texas company (OTSI) to provide it with workers is insufficient to support the exercise of specific personal jurisdiction over Willbros. First of all, Appellant was not an employee of Willbros, either express or implied, under the terms of the agreement. **See** Paragraph 2. (R. 307) Further, even if the agreement somehow created a employment relationship between Willbros and Appellant, it is well settled that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d at 778; *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir. 1992). **See also** *Burger King*, 471 U.S. at 478. Instead, the

---

[2]Appellant refers to a public records search on AOL White Pages which lists a Michael F. Curran with a Houston residence address. R. 101. Appellant does not show that this is the same person who is an officer and director of WGI.

courts "look to the factors of prior negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing to determine whether [the nonresident defendant] purposefully established minimum contacts with the forum." *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985).  Merely negotiating a contract with a Texas resident, the performance of which will occur outside of Texas, does not, by itself, amount to a contact sufficient to give rise to jurisdiction.  *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 763 (Tex. 1977). Further, this court has repeatedly held that where the material performance of a contract occurs outside of Texas, the fact that the nonresident defendant mailed payments to Texas and engaged in communications surrounding the execution and performance of the contract is insufficient to establish the requisite minimum contacts to support the exercise of specific personal jurisdiction over the defendant.  **See** *Holt Oil & Gas Corp.*, 801 F.2d at 778 (no specific jurisdiction where nonresident defendant entered into a contract with a Texas resident, sent an agreement and checks to Texas, and engaged in extensive communications by telephone and mail with the plaintiff in Texas); *Stuart v. Spademan*, 772 F.2d at 1193-94 (minimum contacts did not exist where nonresident defendant contracted with Texas residents, shipped products to Texas, directed letters and telephone calls into Texas and anticipated the application of Texas law).

The existence of a provision in the agreement between OTSI and Willbros which calls for the arbitration of disputes arising out of the agreement in Houston, Texas, is insufficient to establish that Willbros reasonably anticipated being haled into a Texas court to defend a lawsuit brought by Appellant or any other person who was not a party to the agreement.  Paragraph 7 of the Offshore Personnel Supply Agreement provides, in pertinent part: "If any dispute or difference of any kind whatsoever shall arise **between the parties hereto** in connection with this Agreement, which cannot be resolved by discussion and agreement, the same shall be finally resolved by arbitration in Houston, Texas U.S.A. . . ." (emphasis added) R. 306.  Appellant was not a party to the Offshore Personnel Supply Agreement, nor was Willbros a party to the  Consultant's Agreement between OTSI and Appellant which contained an  arbitration provision covering disputes between the parties to that agreement.  R. 408.  The arbitration provision in the contract between Willbros and OTSI cannot be considered as a contact for jurisdictional purposes for the additional reason that Article 8.01(B)(1) of the Texas Business Corporation Act provides that a foreign corporation will not be considered to be doing business in Texas merely because it is a party to an arbitration proceeding in Texas. **See** *Gutierrez v. Raymond International, Inc*., 484 F. Supp. 241, 246 (S. D. Tex. 1979).

Although not raised in his appellate Brief, in his Response to Willbros' Motion to Dismiss Appellant argues that specific jurisdiction exists because the personnel agreement between OTSI and Willbros contemplates a long term business arrangement. The district court properly rejected that contention, stating that the significance of this element was severely diminished by the fact that the material portions of the agreement were to be performed in Africa. R. 338. The court cited *Holt*, 801 F.2d at 778, where this Court held that the significance of the contractual relationship between a nonresident defendant and the Texas plaintiff was undermined by the fact that the performance of the contract was centered in Oklahoma rather than Texas. The district court concluded: "Given that the performance of the [agreement] was expected to take place on another continent, [Willbros'] mere initiation and contemplation of a long term business arrangement with OTSI is insufficient to constitute purposeful availment of the benefits and protections of Texas law." R. 338.

For the foregoing reasons, the district court did not have specific personal jurisdiction over Willbros. Therefore, the court properly granted Willbros' Motion to Dismiss it from the case.

3.     **General personal jurisdiction over Willbros does not exist**:

Appellant argues that general personal jurisdiction exists because, in addition to the elements referred to in his discussion of specific jurisdiction: (1)

Willbros is administered from Texas by Willbros USA; and (2) WGI and its subsidiaries have transacted business in Texas which is not related to this lawsuit. Appellant's Brief at 21-22. Appellant does not allege any unrelated contacts made by Willbros.

Regarding the first element, even assuming that Willbros USA (which is a member of the WGI group of companies) provides administrative services for Willbros from Texas, the general rule is that a corporate parent may provide administrative services for its subsidiary in the ordinary course of business without calling into question the separateness of the two entities for purposes of personal jurisdiction. **See** *Dunn v. A/S Em. Z. Svitzer*, 885 F. Supp. 980, 988-89 (S. D. Tex. 1995); *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 945 (7th Cir. 2000), **cert. denied**, 121 S. Ct. 1406 (2001); *Calvert v. Huckins*, 875 F. Supp. 674, 678-79 (E. D. Cal. 1995).

> The basis for this proposition is much the same as for the more general principle that jurisdiction over a parent cannot be based merely on jurisdiction over a subsidiary. Parent corporations regularly provide certain services to their subsidiaries. Such parents do not expect that performing these activities may subject them to liability because of the actions of the subsidiaries. Thus, such standard services are not sufficient minimum contacts to support the exercise of jurisdiction.

*Central States*, supra.  The case cited by Appellant, *Barnes v. Farmland National Beef Packing Co., L.P.*, 169 F. Supp.2d 1235 (D. Kan. 2001), is clearly distinguishable.  The issue in that case was whether, for purposes of diversity jurisdiction, the defendant, a limited partnership, had its principal place of business in Kansas, where the suit was brought.  The Court held that because the defendant had a business presence in many states, the site of its executive offices would be determinative.  Thus, *Barnes* involved the issue of subject matter jurisdiction, not personal jurisdiction, and did not address the issue which is raised here – the effect on a nonresident corporation of administrative services provided for it by a related corporation in the forum state.

The second element cited by Appellant–unrelated business transactions conducted in Texas by WGI– cannot be used to establish general jurisdiction over Willbros.  First of all, Willbros is not a subsidiary of WGI, but is a wholly owned subsidiary of Willbros International, Inc.  Moreover, even if a parent-subsidiary relationship existed between WGI and Willbros, there is no basis for imputed the contacts of WGI with Texas to Willbros.  Appellant has not alleged, much less made a prima facie case, either that WGI exercises a high degree of control over Willbros or that corporate formalities have not been substantially observed.  Therefore, the general rule applies that personal jurisdiction cannot be premised upon corporate

affiliation or stock ownership alone. *Keeton v. Hustler Magazine, Inc.*, 465 U. S. 770,

781 n. 13, 104 S. Ct. 1473 (1984); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154,

1159-60 (5th Cir. 1983); *McFee v. Chevron International Oil Co., Inc.*, 753 S.W.2d

469, 471 (Tex. App. Houston [1st Dist.] 1988, no writ); *Central States, etc.*, 230 F.3d

at 943.

This Court has set forth the factors to be analyzed in determining

whether a parent corporation is separate and distinct from its subsidiary for the

purpose of a jurisdictional inquiry: (1) the amount of the subsidiary's stock owned by

the parent corporation; (2) the existence of separate headquarters for each entity; (3)

the sharing of common officers and directors; (4) the observance of corporate

formalities; (5) the maintenance of separate accounting systems; (6) the parent

corporation's exercise of complete authority over the general policy of the subsidiary;

and (7) the subsidiary's exercise of complete authority over its daily operations.

*Hargrave*, 710 F.2d at 1160.  In the instant case, Appellant only offers two facts to

support his claim that WGI's contacts with Texas should be imputed to Willbros: (1)

WGI files a consolidated financial statement that includes financial information about

Willbros, and (2) that WGI possibly files a consolidated tax return that reflects tax

information about Willbros.  R. 300, 315.  Under *Hargrave*, Appellant's vague

assertions are clearly inadequate to show that Willbros and WGI are not separate and

distinct entities. Importantly, Appellant has not pled any facts, much less offered any evidence, that WGI owns any amount of Willbros stock, that WGI shares corporate headquarters with Willbros, that WGI shares common officers and directors with Willbros, that WGI disregards corporate formalities with Willbros, that WGI maintains the same accounting system as Willbros, or that WGI exercises any degree of control over the general policy or daily operations of Willbros. The statements made by Appellant in his Brief implying that WGI and Willbros share identical corporate headquarters and officers and directors, these statements are merely conclusory and unsubstantiated allegations.

Based upon the meager evidence provided by Appellant, the district court correctly held that Appellant failed to meet his burden of showing that WGI exercises a sufficient degree of control over Willbros to justify the exercise of personal jurisdiction over Willbros via the contact of WGI. R. 335.

Because Willbros does not have the necessary minimum contacts with the state of Texas to invoke either specific or general personal jurisdiction, the district court correctly held that it did not need to evaluate whether the exercise of personal jurisdiction over Willbros would offend traditional notions of fair play and substantial justice.

4. **Willbros did not make a general appearance or otherwise waive any complaint about personal jurisdiction**:

Appellant argues that Willbros implicitly recognized the district court's jurisdiction when it asserted in the Rule 26 report that the court should abate discovery on Appellant's claims pending arbitration. Appellant's Brief at 23.

Willbros West Africa, Inc. is the only Defendant that filed a Motion to Dismiss for lack of personal jurisdiction. The Joint Report of Rule 26(f) Conference & Joint Discovery/Case Management Plan was filed on behalf of Appellant and all of the Defendants except OTSI. R. 65. In Paragraph 10 of the Rule 26 Report, all Willbros Defendants (Willbros USA, Inc., Willbros Engineers, Inc., Willbros International, Inc. and Willbros West Africa, Inc.) described the proposed agreed discovery plan as follows:

> Defendants-WILLBROS assert that discovery in the underlying matter ought to be held in abeyance pending arbitration between Defendant-WILLBROS and Defendant OTSI.

> Further, Defendants-WILLBROS assert that discovery in the underlying claim ought to be held in abeyance pending the Court's ruling upon Defendant WILLBROS WEST AFRICA, INC.'s motion to dismiss based upon lack of *in personam* jurisdiction.

R. 63. Based on the plain language of the Rule 26 Report, Appellant's argument that Willbros has somehow waived any complaint regarding personal jurisdiction is frivolous.

### 5.    **Willbros did not consent to a Texas forum:**

Appellant argues that by entering into the Offshore Personnel Supply Agreement with OTSI, which provides that any dispute between OTSI and Willbros may be arbitrated in Houston, Texas, Willbros has consented to the jurisdiction of a Texas court to resolve Appellant's claim. Appellant's Brief at 23-24.

Willbros has addressed this argument above in the context of Appellant's claim that the forum selection clause for arbitration in the contract between OTSI and Willbros supports the exercise of specific personal jurisdiction over Willbros.[3] Suffice it to say here that Appellant was not a party to that agreement, and that the agreement does not provide for arbitration of disputes between Willbros and Appellant. Further, the existence of the arbitration clause in the agreement between Willbros and OTSI does not make Willbros amenable to suit in Texas for all actions in any way connected with the subject matter of that agreement. **See** *Gutierrez v. Raymond International, Inc.*, 484 F. Supp. at 246.

6.    **Appellant was not entitled to discovery prior to dismissal**:

Appellant argues that because a minimum contacts analysis is fact intensive, a district court must give the plaintiff an opportunity for discovery before granting a motion to dismiss for lack of personal jurisdiction. **See** Brief of Appellant at 24-25. Appellant implies that it was misled because of the position taken by all of

---

[3] **See** page 23, supra.

the Willbros Defendants at the Rule 26 meeting and in the Rule 26 Report that no

discovery should occur until after the Court had ruled on the Motion to Dismiss **and**

arbitration had occurred between the Willbros Defendants and OTSI. *Id*. at 25.

As stated above, Willbros' position that arbitration must occur before

any discovery takes place is not inconsistent with its claim that it is not subject to

personal jurisdiction in Texas. **See** *Gutierrez*, supra. Moreover, Appellant failed,

both in his pleadings (R. 12, 81) and in his Response to Willbros' Motion to Dismiss

(R. 324), to allege or offer any proof of contacts between Willbros and Texas

sufficient to warrant the assertion of specific or general personal jurisdiction.

In general, a plaintiff must, at a minimum, make a colorable or prima

facie showing of personal jurisdiction before discovery should be permitted. **See**

*Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express*

*Enterprises, Ltd.*, 230 F.3d at 946; *Lehigh Valley Industries, Inc. v. Birenbaum,* 527

F.2d 87, 93-94 (2nd Cir. 1975)*; Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312

(S.D. Ind. 1997); *Daval Steel Products v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159,

162 (S.D.N.Y. 1989) ("The mere commencement of a lawsuit, without the support of

a threshold showing of jurisdictional prerequisites, should not entitle the party to use

the court processes to attempt to find support for having commenced the litigation.

That should have been done before the litigation began."). Further, foreign nationals

such as Willbros usually should not be subjected to extensive discovery in order to determine whether they are subject to personal jurisdiction.  *Central States, etc.*, *supra*; *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2nd Cir. 1998).   In any event, a district court's denial of discovery on this issue is subject to review for abuse of discretion.  *Central States, etc.*, *supra*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 85, 94 (1st Cir. 1998).   Under the facts of this case, it was not an abuse of discretion to deny Appellant the opportunity to conduct discovery on the issue of personal jurisdiction.

> 7.    **Limitations on Appellant's claims against Willbros should not be tolled**.

Judge Kent granted Willbros' Motion to Dismiss for lack of personal jurisdiction on February 20, 2002.  R. 345.  This interlocutory order did not become final until August 15, 2002, when Judge Gilmore granted OTSI's Motion to Stay pending arbitration and administratively closed the case (R. 405) and again on October 15, 2002, when Judge Gilmore entered an order denying Appellant's Motion for Reconsideration of her October 15 order ( R. 496).  Appellant states that at the time the final arbitration order stayed the case, he was attempting discovery into Willbros' contacts with Texas "for the purpose of revisiting the court's dismissal

order." Appellant's Brief at 27.[4]  Therefore, if this Court affirms the dismissal of

Willbros, Appellant requests the Court to equitably toll the statute of limitations

during the period covering the district court proceedings, this appeal, and any further

proceedings in the district court on remand.  *Id.*

In support of his equitable tolling argument, Appellant cites *Clifford v.

Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002).  In this suit brought under 42 U.S.C. §

1983 by a prisoner against federal marshals and state officials, the Court held that

equitable tolling of limitations on the prisoner's action was appropriate where his

claims had been dismissed without prejudice due to his failure to exhaust his

administrative remedies.  The Court noted that, otherwise, the plaintiff would be

barred from returning to federal court after exhausting his administrative remedies.

*Id.* at 333.  This case is distinguishable from the case at bench because it did not

involve a dismissal for lack of jurisdiction.

In general, the doctrine of equitable tolling does not apply where a case

is dismissed for lack of jurisdiction.  **See, e.g.**, *Covey v. Arkansas River Co.*, 865 F.2d

660 (5th Cir. 1989); *Bennett v. United States Lines, Inc.*, 64 F.3d 62 (2nd Cir. 1995).

> Given the policies favoring limitation periods, federal
> courts have typically extended equitable relief only
> sparingly. . . .

---

[4]However, Appellant does not indicate what discovery he was attempting at the time the dismissal order became
final.

> For example, courts have been willing to apply equitable tolling in cases where the claimant has actively pursued judicial remedies by filing a timely but defective pleading, . . .; or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. . . ."

*Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 267 (5th Cir. 1991) (citations omitted).

In *Valentin v. Ocean Ships, Inc.*, 38 F. Supp.2d 511 (S.D. Tex. 1999), an action brought under the Jones Act and general maritime law, the court granted the defendant's motion for summary judgment on the basis of limitations and refused to apply the doctrine of equitable tolling, holding that the case presented numerous examples of the plaintiff's lack of diligence in prosecuting his action. For example, the plaintiff had failed to act on the possibility that jurisdiction in New York (where he filed his original action) might not be proper despite the fact that the defendant had raised a lack of personal jurisdiction in its answer. After the defendant filed its motion to dismiss, the plaintiff did not file a protective suit in another jurisdiction. It was not until 37 days after the entry of a final judgment in New York that the plaintiff brought suit in the Southern District of Texas. Similarly, here, Appellant failed to use diligence in prosecuting his action because he failed to act on the possibility that Willbros is not subject to personal jurisdiction in Texas even though Willbros raised that possibility from the outset. Under these circumstances, the doctrine of equitable tolling does not apply.

## CONCLUSION

The Court lacks jurisdiction to hear this appeal because Appellant's Notice of Appeal was not timely filed. Alternatively, the district court correctly granted the Motion to Dismiss for lack of personal jurisdiction of Appellee WILLBROS WEST AFRICA, INC. Therefore, Appellee prays that the judgment of the trial court be affirmed, with costs, and that Appellee have such other and further relief to which it may be justly entitled.

Respectfully submitted,

HAYS, McCONN, RICE & PICKERING, P.C.

By:_____
      Michael D. Murphy
      State Bar No. 14701850
      Susan C. Stevenson
      State Bar No. 05170500

      ATTORNEYS FOR APPELLEE WILLBROS
      WEST AFRICA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that the original and seven copies of Appellee Willbros West Africa, Inc.'s Brief along with a copy on disk have been filed with the Fifth Circuit via United States first class certified mail, return receipt requested, on the 31st day of July, 2003.

I further certify that I have served two copies of Appellee Willbros West Africa, Inc.'s Brief, along with a copy of the brief on disk, by United States first class mail, return receipt requested, on the 31st day of July, 2003, to the following counsel of record:

Cliff Gordon
Huseman & Pletcher
600 Leopard, Suite 2100
Corpus Christi, Texas 78473

Robert Blake Brunkenhoefer
Brunkenhoefer & Hall, PC
555 N. Carancahua
1770 Tower II
Corpus Christi, Texas 78478

Michael Aaron Varner
Kenneth G. Engerrand
Brown Sims, PC
1177 West Loop South, 10th Floor
Houston, Texas 77027

Kenneth G. Engerrand
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007


_____          _____
                                          Michael D. Murphy

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

1.  This Brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this Brief contains 7,672 words, excluding the parts of the Brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.  This Brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Corel WordPerfect 10 in font size 14, Arrus BT Roman.

3.  THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN FED. R. APP. P. 32(a)(7), MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

_____
Michael D. Murphy, Attorney for Appellee Willbros West Africa, Inc.

Dated:    July 31, 2003